UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re
LORETTA CLARK WILLIAMS AKA
LORETTA WILLIAMS AKA LORETTA C
WILLIAMS AKA LORETTA CLARK
AKA LORETTA CLARK WILLIAMS,
    Debtor.

Case No.: 16-25151-AJC
CHAPTER 13

Confirmation Hearing – 1/31/17

## OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF

Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds a lien on the subject property generally described as **3541 NW 210 Terr, Miami, Florida 33056**, and hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtor:

### LACK OF ADEQUATE FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Creditor.  The Proof of Claim to be filed by this creditor estimates the total pre-petition arrearages in the amount of $27,592.59, not $16,772.96 as provided for in the plan. Accordingly, even if all payments are tendered pursuant to the Plan, they will not be sufficient to satisfy this creditor's claim in full.  Thus, the Plan does not provide adequate protection of this creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325(a)(6).

### FEASIBILITY

Section 1325(a)(6) states that the court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan.  Debtor cannot demonstrate that she is able to make any payments under the Plan because Debtor has no disposable income after taking into consideration her expenses and arrearages.  The monthly net income from Schedule I and J is $1,347.35, which does not include the ongoing monthly payment to Secured Creditor, and yet the Plan proposes that Debtor will pay $2,311.35 per month for 60 months.

Therefore, the Plan is not feasible and confirmation of the Plan should be denied.

1

CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting creditor.  It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

WHEREFORE, creditor prays as follows:

(1)  That confirmation of the proposed Chapter 13 Plan be denied.

(2)  For such other relief as this Court deems proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida , and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of THE FOREGOING has been furnished this 7th day of  December 2016, electronically or by U.S. Mail to all of the parties listed on the attached Service List.

By: /s/ Gerard M. Kouri, Jr.
   GERARD M. KOURI, JR., ESQUIRE
Bar No. 375969/gmkouri@aol.com
Retained Counsel
Gerard M. Kouri, Jr. P.A.
5311 King Arthur Ave., Davie, Florida 33331
(954) 862-1731; (954) 862-1732 fax
C.241-4502

Attorneys for Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, its assignees and/or successors in interest

SERVICE LIST

Mailing list for Bankruptcy Case No. 16-25151-AJC:
Loretta Clark Williams, debtor
3541 NW 210 Terrace
Miami Gardens, FL 33056-1254

Electronic mailing list for Bankruptcy Case No. 16-25151-AJC:
Nancy K. Neidich     e2c8f01@ch13herkert.com, ecf2@ch13herkert.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Robert Sanchez     court@bankruptcyclinic.com, courtECFmail@gmail.com